{¶ 42} I dissent from the conclusion reached by the majority for two reasons.
 {¶ 43} First, while I concede the heightened pleading standard is currently Ohio law, I would find it should not be. The Ohio Supreme Court has repeatedly found the legislature's increased requirements for employer intentional torts to exceed legislative authority. The Supreme Court rejected the first version of the statute in Brady v. Safety-KleenCorp. (1991), 61 Ohio St. 3d 624, 576 N.E. 2nd 722, syllabus by the court, paragraph 2. After the legislature enacted a new version, the court struck it down in Johnson v. BP Chemicals, Inc.
(1999), 85 Ohio St. 3d 298, 707 N.E. 2d 1107. In Johnson, the court held the statute imposes excessive standards (deliberate and intention act), and a heightened burden of proof (clear and convincing evidence), and does not further the comfort, health, safety and general welfare of employees, Id., citing Brady and Section 34, Article II of the Ohio Constitution. The Supreme Court has held a specific intent to injure is not necessary to a finding of intentional misconduct, Jones v. VIPDevelopment Company, (1984), 15 Ohio St. 3d 90, 472 N.E. 2d 1046.
 {¶ 44} The Supreme Court's review of the most current version of R.C. 2745.01 is pending in Kaminski v. Metal Wire Products Company, 175 Ohio App. 3d 277, 2008-Ohio-1521, 886 N.E. 2d 262, appeal allowed,119 Ohio St. 3d 1407, 2008-Ohio-3880, 891 N.E. 2d 768.
 {¶ 45} I find the heightened scrutiny standard established by the legislature creates "a cause of action that is simply illusory."Johnson, supra, at 306. Even though the Supreme Court has expressly created and reaffirmed the tort, the legislature's action has resulted in "the chance of recovery of damages by employees for intentional *Page 13 
torts committed by employers in the workplace is virtually zero," Id. at 307. No other tort, even fraud has such a high threshold, and in effect, to prevail, the plaintiff must prove not just an intentional tort, but a criminal assault. See Kaminski, supra, at paragraph 32, quotingJohnson.
 {¶ 46} Although appellant here has not asked us to find the present statute unconstitutional, we should not ignore the Supreme Court's objections to the previous, similar statues.
 {¶ 47} The Supreme Court set out the controlling test for employer intentional tort in Fyffe v. Jeno's Inc. (1991), 59 Ohio St. 3d 115,570 N.E. 2d 1108: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or a condition with its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances and with such knowledge, did act to require the employee to continue to perform the dangerous task. (Van Fossen v. Babcock 
Wilcox Co. (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, paragraph five of the syllabus, modified as set forth above and explained)"Fyffe, syllabus by the court, paragraph one.
 {¶ 48} I would apply the time-tested Fyffe test and reverse the trial court's judgment.
 {¶ 49} Secondly, I would find the trial court erred in finding appellant did not plead sufficient facts to survive the motion to dismiss for failure to state a claim. The appellant alleged the employer intentionally and recklessly failed to have any safety *Page 14 
policies in place, had no warning devices on the coal cars, and provided no way for the operators of the coal cars to ensure the track was clear before moving the cars.
 {¶ 50} In order to dismiss a complaint for failure to state a claim, the court must find the plaintiff can prove no set of facts which would entitle him or her to relief. Even applying the heightened pleadings standard, I would find appellant's complaint passes muster. I would require the appellee to answer the complaint and discovery could proceed, wherein appellant could, perhaps, acquire more information helpful to her case. *Page 1